1  RODGER R. COLE (CSB No. 178865)
   rcole@fenwick.com
2  MEREDITH L. ERDMAN (CSB No. 273126)
   merdman@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:  650.988.8500
   Facsimile:   650.938.5200
6

7  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
8  FENWICK & WEST LLP
   555 California Street, 12th Floor
9  San Francisco, CA  94104
   Telephone:  415.875.2300
10 Facsimile:   415.281.1350

11 Attorneys for Defendants
   SEGA OF AMERICA, INC. and
12 ELECTRONIC ARTS INC.

13

14                UNITED STATES DISTRICT COURT

15               CENTRAL DISTRICT OF CALIFORNIA

16                      WESTERN DIVISION

17

18 KENNETH W. PENDERS, II,              Case No.: 2:11-CV-08173-ODW-E

19            Plaintiff,                **DEFENDANTS SEGA OF
                                        AMERICA, INC. AND
20       v.                             ELECTRONIC ARTS INC.'S
                                        MOTION TO DISMISS OR STAY
21 SEGA OF AMERICA, INC.,               ACTION**
   ELECTRONIC ARTS INC., and DOES 1-
22 10,                                  Date:       Mar. 5, 2012
                                        Time:       1:30 p.m.
23            Defendants.               Dept:       Courtroom 11
                                        Judge:      Otis D. Wright II
24                                      Date Filed: Oct. 3, 2011

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

I.    **INTRODUCTION**

This action represents Plaintiff's second attempt to commence a parallel action, involving similar claims and parties and the exact same core issue as a prior-filed action currently pending in the United States District Court for the Southern District of New York.  This is in plain violation of the first-to-file rule, a principal of federal comity under which a prior-filed action should be given priority over a later-filed one involving similar parties and issues.  This Court rightly blocked Plaintiff's first attempt to litigate the same claims simultaneously in two forums, having dismissed (only a few months ago) an action identical to the instant one that Plaintiff filed in this Court in May 2011, entitled *Kenneth W. Penders, II v. Sega of America, Inc., et al.*, No. 2:11-cv-04615-ODW-E (C.D. Cal.).  Rather than heed this Court's order to await resolution of the New York action, Plaintiff simply re-filed an identical action *one week* after the dismissal.[1]

By this motion, Defendants Sega of America, Inc. ("Sega") and Electronic Arts Inc. ("EA") (collectively, "Defendants") respectfully request that the Court just as swiftly reject Plaintiff's second attempt to institute a parallel action in this Court, and dismiss (or stay) the matter pending resolution of the prior-filed New York action.

II.   **FACTUAL BACKGROUND**[2]

A.    **The New York Action**

On November 23, 2010, Archie Comic Publications, Inc. ("Archie") commenced an action against Kenneth W. Penders II ("Penders" or "Plaintiff")

---

[1] Plaintiff failed to file a Notice of Related Case as required by L.R. 83-1.2.2.  The Court nonetheless re-assigned this action to the originally assigned judge, on its own initiative, pursuant to Section 6.0 of General Order 08-05 on October 12, 2011 (Dkt # 6).

[2] Defendants request judicial notice of the records in the related cases of *Archie Comic Publications, Inc. v. Kenneth W. Penders, II*, No. 1:10-cv-08858-RMB (S.D.N.Y.), and *Kenneth W. Penders, II v. Sega of America, Inc. et al.*, No. 2:11-cv-04615-ODW-E (C.D. Cal.).  *See* Request for Judicial Notice in Support of Defendants' Motion to Dismiss or Stay Action.

seeking, *inter alia*, a declaration of non-infringement and invalidity of copyright registrations asserted by Penders and ordering a cancellation of those registrations. *See Archie Comic Publications, Inc. v. Kenneth W. Penders, II*, No. 1:10-cv-08858-RMB (S.D.N.Y.) (the "New York Action"); *see also* Declaration of Jennifer L. Kelly in Support of Defendants' Motion to Dismiss or Stay Action ("Kelly Decl.") Ex. A (attaching complaint in the New York Action).  On April 19, 2011, Penders filed counterclaims against Archie in the New York Action for, *inter alia*, copyright infringement.  Kelly Decl. Ex. C (attaching Penders' answer and counterclaims in the New York Action).  Both Archie's and Penders' claims in the New York Action arise out of creative works allegedly developed by Penders for publication by Archie, and relate to certain intellectual property licensed to Archie by Sega (collectively, the "Works").  The central issue in the New York Action is whether the copyrights in the Works are owned by Penders, as their alleged creator, or by Archie, via two work-for-hire/assignment agreements, the authenticity and enforceability of which Penders disputes.  The New York Action is set to begin trial on January 30, 2012.  Kelly Decl. Ex. B (attaching docket report for New York Action; *see* 10/24/11 Minute Entry).

## B.   The First California Action

Six months after the New York Action was filed, and despite the fact that the New York Action was actively proceeding, Penders initiated a second lawsuit arising out of the same issues being adjudicated in the New York Action.  On May 31, 2011, Penders filed a complaint in this district asserting claims against Sega and EA for copyright infringement based on the alleged infringement by Defendants of the *exact same Works* whose ownership and infringement are at issue in the New York Action.  *See Kenneth W. Penders, II v. Sega of America, Inc., et al.*, No. 2:11-cv-04615-ODW-E (C.D. Cal.) (the "First California Action"); *see also* Kelly Decl. Ex. D (attaching complaint in the First California Action).

Like Penders' counterclaims in the New York Action, Penders' claims in the

First California Action turned on the critical issue of ownership of the copyrights in the Works.  After counsel for both parties conferred regarding Defendants' intention to bring a motion to stay the First California Action, Penders agreed that, given the similarity of the parties and issues in the New York Action and the First California Action, a stay of the First California Action pending resolution of the earlier-filed New York Action was appropriate and would serve the interests of judicial economy.  Kelly Decl. ¶ 5.  Accordingly, on September 20, 2011, the parties submitted a stipulation in the First California Action requesting an order staying all proceedings pending resolution of the New York Action.  Kelly Decl. Ex. E (attaching stipulation).

On September 26, 2011, in response to the parties' stipulation requesting a stay of the First California Action, this Court exercised its discretion to dismiss the First California Action without prejudice rather than staying it, ordering that "[**s**]**hould Plaintiff choose to re-file in federal court following resolution of the state action, he may do so then**."[3]  Kelly Decl. Ex. F (attaching Order Dismissing Action Without Prejudice (Hon. Otis D. Wright II)) (emphasis added).

## C.   This Action

Ignoring this Court's order, Penders re-filed a virtually identical complaint against Sega and EA in this Court on October 3, 2011, commencing the present action ("This Action").[4]  Although Plaintiff did not file a Notice of Related Case,

---

[3] Although the September 26, 2011 Order dismissing the First California Action describes the New York Action as a state court action, the New York Action is pending in the United States District Court for the Southern District of New York. Nevertheless, the Court's dismissal of the First California Action was appropriate. Regardless of whether a prior-filed, similar action is pending in state or federal court, a federal district court has discretion to dismiss a later-filed case with similar parties and issues. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (affirming a district court's discretionary decision to decline jurisdiction over a water rights suit where a similar action was pending in state court); *see also Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989) (applying *Colorado River* abstention to dismiss earlier-filed state court action).

[4] The complaint in This Action is identical to the complaint in the First California Action with the exception of the addition of a short description of allegedly infringing material added to the chart on page ten of the complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

the Court *sua sponte* transferred This Action back to this department. *See* note 1, *supra*. Shortly after they were served in mid-December 2011, Defendants met and conferred with Plaintiff regarding the substance of this motion as required by L.R. 7-3, but were unable to reach any stipulations to avoid its filing.[5]   Kelly Decl. ¶ 9.

## III.   ARGUMENT

### A.   This Action Should Be Dismissed in Favor of the First-Filed New York Action.

The Ninth Circuit follows the first-to-file rule, under which a district court has discretion to dismiss or stay a case when a federal action with similar parties and issues has already been filed in another district. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). The Ninth Circuit has explained that "in this day of increasingly crowded federal dockets . . . . 'it [is] imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties.'" *Id.* (quoting *Crawford v. Bell*, 599 F.2d

---

[5] Although the complaint in This Action lists R. Christopher Harshman and Michael L. Lovitz of Lovitz IP Law PC (collectively, "Lovitz") as Penders' counsel, it is not clear whether they currently represent him. On October 24, 2011, Lovitz filed a motion for leave to withdraw as counsel for Penders in the New York Action. Kelly Decl. Ex. G (attaching motion for leave to withdraw). In the affidavit filed in support of the motion to withdraw, Mr. Harshman represented that "Lovitz IP has been discharged by Mr. Penders due to irreconcilable differences." *Id.* Ex. H (attaching affidavit). The New York court denied the motion to withdraw without prejudice on October 25, 2011, stating that Lovitz may re-file the motion once Lovitz satisfies an outstanding order to pay Archie's fees and costs associated with preparing a motion for sanctions. *Id*, Ex. I (attaching order denying motion to withdraw). Defendants' counsel contacted Mr. Lovitz to confer about Defendants' intent to file this motion pursuant to Local Rule 7-3. *Id.* ¶ 9 & Ex. J. Mr. Lovitz responded that Penders' "new counsel" is Phillip Daman, who has stepped in as Penders' lead counsel in the New York Action. *Id.* Ex. K. Defendants' counsel then contacted Mr. Daman about this motion, who advised that he will be representing Penders in This Action but has not yet filed a notice of appearance. *Id.* ¶ 9. As of the filing of this motion, Mr. Daman has not filed a notice of appearance, nor has Mr. Lovitz filed a notice of withdrawal. *Id.* ¶ 9.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

890, 893 (9th Cir. 1979).  The first-to-file rule "serves the purpose of promoting [judicial] efficiency well and should not be disregarded lightly."  *Id.*

Courts consider three factors when deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *Alltrade*, 946 F.2d at 625-26.  Here, all three factors support application of the first-to-file rule in favor of the first-filed New York Action.

### 1.   The New York Action Was Filed First.

The New York Action was the first-filed action chronologically.  Archie filed its complaint in the Southern District of New York on November 23, 2010.  Kelly Decl. ¶ 2.  Over six months later, Penders filed the First California Action on May 31, 2011.  *Id.* ¶ 4.  This Court dismissed the First California Action pending resolution of the New York Action on September 26, 2011.  *Id.* ¶ 6 & Ex. F. Penders then re-filed the complaint to institute This Action on October 3, 2011— over ten months after the New York Action was filed.

### 2.   The Parties in This Action Are Substantially Similar to the Parties in the New York Action.

The second element of party similarity also favors application of the first-to-file rule.  The first-to-file rule does not require identical parties so long as the actions are substantially similar or involve substantial overlap.  *See, e.g., Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) ("[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters.") (citations omitted); *Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002) (first-to-file rule does not require identical issues or parties "so long as the actions involve closely related questions or common subject matter").  Penders is a party in both This Action and

in the New York Action.  Although Sega is not a party to the New York Action, it is closely related to the New York Action because the Works at issue in the New York Action involve intellectual property licensed to Archie by Sega.  *See* Kelly Decl. Ex. A at ¶¶ 19-20, 34.  Similarly, EA is related to the New York Action because, according to Penders' own allegations, Sega licensed the Works to EA to develop a videogame entitled "Sonic Chronicles: The Dark Brotherhood"—the game that Penders accuses of infringement in This Action.  *See* Complaint ¶¶ 61, 72.  Here, the parties are sufficiently similar because Penders is a party to both actions, and the other three parties—Archie, Sega, and EA—are related by their use of the Works assertedly owned by Penders in both actions.

### 3.  The Issues in This Action Are Substantially Similar to the Issues in the New York Action.

It is beyond dispute that the issues raised in the New York Action and in This Action are substantially similar.  Indeed, Penders conceded as much in the stipulation filed by Penders, Sega, and EA in the First California Action—based on an essentially identical complaint to the one filed in This Action—requesting that this Court stay all proceedings in the First California Action pending resolution of the New York Action.  Kelly Decl. Ex. E.  As detailed by the stipulation, the core issue in the New York Action and This Action is identical: ownership of the copyrights in the Works.  The central issue in the New York Action is whether the copyrights in the Works are owned by Penders, as their alleged creator, or by Archie, via the work-for-hire/assignment agreements.  In This Action, Penders asserts copyright infringement claims against Defendants based on Defendants' alleged infringement of the same Works that are at issue in the New York Action.  The viability of Penders' claims in this action turns on ownership of the copyrights in the Works, and hence Penders' claims will be directly and significantly impacted by the outcome of the New York Action.  Indeed, if Penders loses that issue in the New York Action, his claims in this action necessarily fail.

### 4.    Judicial Efficiency Favors Dismissing Penders' Claims.

The goal of judicial efficiency will be served here by extending comity to the New York court by dismissing This Action.  The pending New York Action is active and is set for trial on January 30, 2012, less than a month away.  Permitting parallel litigation of substantially similar claims that arise out of the same creative works and associated copyrights can serve no purpose of judicial administration and the risk of conflicting determinations as to ownership and infringement is clear.  The Court's dismissal of This Action will result in an efficient use of both courts' resources, as Penders' claims in This Action are dependent upon a determination of ownership of the Works by the New York court.

### 5.    This Court Has Already Dismissed Penders' Claims.

This Court has already determined that dismissal of this action is appropriate.  In its September 26, 2011 Order, the Court dismissed the identical complaint filed in the First California Action pending resolution of the New York Action.  The Court's decision to dismiss, rather than stay, the First California Action is consistent with case law in this circuit.  *See Intersearch*, 544 F. Supp. 2d at 963 (citing *Alltrade*, 946 F.2d at 627-29) ("Dismissal is proper where the court of first filing provides adequate remedies."); *see also Blue Cove Corp. v. Odyssey Medical, Inc.*, No. 10-cv-2606, 2011 WL 1157866, at *3 (S.D. Cal. Mar. 28, 2011) ("In most cases, dismissal of a second-filed action is appropriate.").  Rather than await resolution of the New York Action as ordered by the Court, Penders re-filed This Action in violation of the Court's order.  Penders should not be permitted to ignore the Court's order.

### B.    In the Alternative to Dismissal, This Action Should Be Stayed Pending Resolution of the New York Action.

As discussed above, dismissal of this action is entirely proper under the first-to-file rule.  However, if the Court determines that dismissal is inappropriate, the Court should exercise its discretion to stay this action pending outcome of the New

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

York Action, including exhaustion of any appellate review or the expiration of time in which to seek the same, as agreed by the stipulation by the parties in the First California Action. *See* Kelly Decl. Ex. E. A trial court possesses inherent power to control its own docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), *accord Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). If the Southern District of New York decides that Penders does not own the copyrights in the asserted Works, it will moot *all* of Penders' claims in This Action. Allowing the New York Action to proceed to trial before going forward with this action accords with the federal doctrine of comity and is an efficient use of judicial resources. Therefore if the Court declines to dismiss This Action, it should stay all proceedings until resolution of the New York Action.

## IV.   CONCLUSION

For the foregoing reasons, the Court should dismiss This Action in favor of the earlier-filed, similar action pending in the Southern District of New York. In the alternative, the Court should stay This Action pending resolution of the first-filed action in the Southern District of New York.

Dated: January 9, 2012          FENWICK & WEST LLP


                                By: s/ Jennifer L. Kelly
                                    Jennifer L. Kelly
                                    Attorneys for Defendants
                                    SEGA OF AMERICA, INC. and
                                    ELECTRONIC ARTS INC.